UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN LIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00603-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

Petitioner Shawn Liggins, proceeding pro se, seeks to have his conviction vacated under 28 U.S.C. § 2255, citing the Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019) as support for his request. Doc. 1. Specifically, Liggins contends that the Court must vacate his conviction because the United States failed to state the "knowledge element" in the Indictment as required by *Rehaif. Id.* at p. 1. The United States argues that Liggins's argument fails both procedurally and on the merits. Doc. 3. The Court finds that the record amply demonstrates that Liggins is not entitled to relief under section 2255, and therefore, denies Liggins's Motion, Doc. 1, without an evidentiary hearing.

**I.    Statement of Facts[1]**

On November 14, 2019, officers with the St. Louis Metropolitan Police Department responded to a "Hold Up" alarm at a commercial establishment named CeCi's located at 901 Washington Avenue in the City of St. Louis. When officers responded, the owner informed them that a man and woman had entered the store. The man proceeded to the back of the store

---

[1] The statement of facts substantially reflect the Statement of Facts contained in the Guilty Plea Agreement entered into between the parties and accepted by the Court. *See United States v. Liggins,* Case No. 4:19-cr-00965-SRC, Doc. 30.

and picked up a small rack of several watches. He concealed them in his coat and began to walk toward the exit. The owner grabbed her firearm from behind the counter and approached the man. She demanded that he return the watches. A tussle occurred between the two, during which the man took the owner's firearm from her and fled the store. Officers observed the surveillance video, and it was consistent with what the owner had told them. Through further investigation, law enforcement officers identified the man as Liggins.

At the time of the instant conduct, Liggins was on supervised release arising out of the U.S. District Court for the Eastern District of Missouri in cause number 4:17-cr-00591-CDP. In that case, he was charged and convicted of three counts of forgery. Each count carried a maximum term of imprisonment of 20 years. Therefore, at the time Liggins possessed the firearm in this case, he had previously been convicted of a felony offense punishable by a term of imprisonment exceeding one year. Further, at the time Liggins possessed the firearm, he knew he had previously been convicted of a felony offense publishable by a term of imprisonment exceeding one year.

The firearm was a Taurus make, PT111 Pro model, 9mm semi-automatic pistol bearing serial number TCK54230. The firearm was operable, meaning it was capable of expelling a projectile by the action of an explosive. The firearm was manufactured in Brazil and imported by way of Miami, Florida. Therefore, the firearm necessarily traveled in interstate and foreign commerce to be in defendant's possession on November 14, 2019.

## II.    Procedural History

Based on this conduct, on November 21, 2019, a federal grand jury indicted Liggins on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See* Case No. 4:19-cr-00965-SRC, Docs. 1–2. In the Indictment, the grand jury charged that:

2

> On or about November 14, 2019, in St. Louis City, within the Eastern District of Missouri,
>
> **SHAWN LIGGINS,**
>
> the Defendant herein, knowingly possessed a firearm, knowing he had previously been convicted in a court of law of a felony, crime punishable by imprisonment for a term exceeding one year, and the firearm traveled in interstate or foreign commerce during or prior to being in Defendant's possession.

*Id*.

After initially pleading not guilty, Liggins voluntarily entered into a Guilty Plea Agreement with the United States, and in accordance with the Plea Agreement, Liggins pleaded guilty to the one-count indictment. *See United States v. Liggins,* Case No. 4:19-cr-00965-SRC, Docs. 29–30. The Plea Agreement sets forth the elements of the offense, to which Liggins admitted, as follows:

> As to Count I, the [Liggins] admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:
>
> a. The defendant was convicted of a crime punishable by imprisonment for a term exceeding one year;
>
> b. The defendant thereafter knowingly possessed a firearm;
>
> c. The firearm was transported in interstate or foreign commerce at some time during or before the defendant's possession of it; and
>
> d. At the time defendant possessed the firearm, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

*Id.* at Doc. 30 at § 2.

On February 21, 2020, the Court held a change-of-plea hearing. *Id.* at Doc. 29. During the hearing, the Court explained the elements of the charge. Liggins confirmed his understanding of the elements. The United States then recited the facts in section four of the

Plea Agreement[2]. *Id.* at Doc. 30 at § 4.  At the plea hearing, Liggins admitted under oath that he committed each of the elements of the offense, including the *Rehaif* element that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

      Liggins further confirmed at the plea hearing that the facts recited in section four of the plea agreement were accurate, that the AUSA accurately stated on the record the facts to which Liggins admitted, that the AUSA did not leave out any facts important to his criminal case, and that he did in fact do everything both stated in section four and by the AUSA on the record.  After the discussing the agreed-upon facts, the Court discussed the waivers outlined in section seven of the Plea Agreement.  Liggins confirmed that he understood that by entering into the Plea Agreement, he was waiving a variety of appeal rights and the right to seek post-conviction review of any sentence or writ of habeas corpus.  At the conclusion of the hearing, Liggins confirmed that he wished to still plead guilty and entered a guilty plea.

      Following the change-of-plea hearing, the United States Probation Office prepared a presentence investigation report.  *Id.* at Doc. 53.  The PSR found Liggins's base offense level to be 20, as Liggins committed the instant offense subsequent to sustaining a crime of violence, that being domestic assault second degree.  *Id.* at ¶ 21; *see also* U.S.S.G. § 2K2.1.  The PSR added two levels because the firearm was stolen and four levels because Liggins used or possessed the firearm in connection with another felony offense (stealing-physically take).  *Id.* at ¶¶ 2–23.  Allowing for a three-level reduction for acceptance of responsibility, Liggins's total offense level was 23.  *Id.* at ¶¶ 29–31.

---

[2] The facts recited by the United States substantially reflect the Statement of Facts contained in section I, above.

The PSR also determined that Liggins had 20 criminal history points, resulting in a criminal history category of VI. *Id.* at ¶¶ 34–53. The PSR sets forth Liggins's various convictions, including the following felony convictions:

- February 2, 1995, conviction in St. Louis County Circuit Court for unlawful use of a weapon, carried concealed, Docket No. 951-00429;

- June 3, 1999, conviction in St. Louis County Circuit Court for possession of a controlled substance, heroin, Docket No. 99CR-4284;

- November 17, 1999, conviction in St. Louis County Circuit Court for stealing over $750, Docket No. 00CR-3926;

- March 6, 2005, conviction in St. Louis County Circuit Court for burglary second degree and stealing over $500, Docket No. 05CR-3120B;

- May 22, 2005, conviction in St. Louis County Circuit Court for tampering first degree, Docket No. 051-1724;

- June 9, 2009, conviction in St. Louis County Circuit Court for domestic assault second degree and resisting arrest, Docket No. 09SL-CR04618-01;

- August 20, 2010, conviction in St. Louis County Circuit Court for stealing over $500, Docket No. 10SL-CR07493-01;

- April 3, 2017, conviction in St. Charles County Circuit Court for forgery, Docket No. 1711-CR02436-01; and

- February 8, 2018, conviction in the United States District Court for the Eastern District of Missouri for three counts of uttering counterfeit securities, Docket No. 4:17-cr-00591.

*Id.* at ¶¶ 35, 37–38, 42–43, 46–49. The PSR ultimately concluded that a total offense level of 23, coupled with a criminal history category of VI, resulted in a guidelines range of 92 to 115 months imprisonment. *Id.* at ¶¶ 89–90.

On December 9, 2020, Liggins appeared before the Court for sentencing. During the hearing, Liggins confirmed that he reviewed the PSR and that he had no disputes or objections to what's in the PSR. *See Id.* at Doc. 35. The Court then sentenced Liggins to a slightly-below-

5

guidelines sentence of 91 months imprisonment followed by a three-year term of supervised release for his conviction. *Id.* at Docs. 57–58. Liggins did not appeal his sentence, and his conviction became final on December 23, 2020. On May 25, 2021, Liggins filed the instant motion for post-conviction relief. Doc. 1.

**III.     Standard of Review**

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under section 2255, the Petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under section 2255 may be limited by procedural default. A Petitioner "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, that a defendant does not raise on direct appeal cannot subsequently be raised in a 2255 motion unless the petitioner establishes: "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a section 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent petitioners from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* Additionally, a petitioner's attorney may serve as counsel for both the trial and appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A Petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## IV. Discussion

Liggins argues that his conviction should be vacated pursuant to the U.S. Supreme Court's decision in *Rehaif*. Doc. 1. Specifically, Liggins contends that the Court should vacate his conviction because the United States failed to state the "knowledge element" in the indictment as required by *Rehaif*. *Id.* at p. 1. The United States asserts that Liggins's argument for vacating his conviction fails both procedurally and on the merits. Doc. 3. Procedurally, the United States claims that Liggins's argument fails because he did not raise the issue on direct

7

appeal to the Eighth Circuit Court of Appeals and he did not assert a claim of actual innocence. *Id.* at pp. 5–6. On the merits, the United States claims that Liggins's fails because his indictment and subsequent conviction fully complied with the principles set forth in *Rehaif*. *Id.* at pp. 6–7. The Court agrees.

In *Rehaif*, the Supreme Court held that the knowledge requirement in 18 U.S.C. § 924(a)(2) applies not only to the defendant's possession of a firearm or ammunition, but also to his prohibited status. *Id.* at 2191. Specifically, according to *Rehaif*, in prosecutions under section 922(g)(1), the United States must prove, in addition to knowing possession, that at the time of that possession, the defendant knew he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year. *Id.* *Rehaif*, however, does not demand proof the defendant specifically knew he was legally prohibited from possessing a firearm. *Id.*

### A. Liggins's claim is procedurally defaulted.

As a general rule, claims not raised at trial or on direct appeal "may not be raised on collateral review[.]" *Massaro*, 538 U.S. at 504; *see also Wainwright v. Sykes*, 433 U.S. 72, 85–86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490–492 (1986) (claim not raised on direct appeal is procedurally defaulted). Here, Liggins failed to preserve a knowledge-of-prohibited-status objection in his direct proceedings or on appeal, and as a result, Liggins's *Rehaif* claim is subject to procedural default.

To overcome procedural default, Liggins must either show both "cause" for the default and "actual prejudice" from the asserted *Rehaif* error, or that he is actually innocent. *Bousley*, 523 U.S. at 622. Here, Liggins has not alleged, much less established, the requisite showing of

"cause." Moreover, Liggins can't show "cause" or "actual prejudice." Not only did the U.S. Supreme Court decide *Rehaif* five months before the grand jury returned the Indictment against Liggins, but the indictment and subsequent conviction comply with *Rehaif* in that the indictment charges and Liggins admitted all *Rehaif* elements. Even if Liggins somehow could show cause for his procedural default, Liggins cannot demonstrate a reasonable probability that but-for the error he would not have entered the plea because the indictment charges and he admitted all of the *Rehaif* elements.

Because Liggins cannot satisfy the "cause and prejudice" showing, he must make a threshold showing of "actual innocence." *Smith v. Murray*, 477 U.S. 527, 537 (1986). The "actual innocence" exception requires Liggins to show that it was "more likely than not that no reasonable juror would have convicted him[.]" *Schlup v. Delo,* 513 U.S. 298, 327–28 (1995). "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "[A] petitioner must demonstrate actual factual innocence" of the offense of conviction, in other words, a petitioner must demonstrate that he did not commit the crime for which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. *Brown v. United States*, No.: 4:19CV1891 HEA, 2020 WL 7181315 at * 3 (E.D. Mo. Dec. 7, 2020), *appeal dismissed,* No. 21-1201, 2021 WL 3175809 (8th Cir. Apr. 16, 2021). In analyzing a claim of actual innocence, "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup*, 513 U.S at 328.

Here, Liggins does not assert a claim of actual innocence and the facts admitted by Liggins in the Plea Agreement, on the record at the plea hearing, and in the PSR do not support a claim of actual innocence. Thus, the Court finds that Liggins cannot show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crimes for which he was convicted. *See Schlup,* 513 U.S. at 327–28.

### B.    Liggins's claim fails on the merits.

Liggins alleges one ground for relief under *Rehaif*—that his conviction under 18 U.S.C. § 922 (g)(1) is unconstitutional. Liggins's argument fails because his indictment charges and he admitted all of the *Rehaif* elements.

### C.    Liggins's waived his right to bring this claim.

The Court further notes that in the Plea Agreement, Liggins explicitly waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel" when he entered into the Plea Agreement. *See United States v. Liggins,* Case No. 4:19-cr-00965-SRC, Doc. 30 at § 7(b). A defendant may waive his section 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." *See DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Andis,* 333 F.3d 886, 891 (8th Cir. 2003). "[A] waiver of appellate rights does not prohibit the appeal of an illegal sentence or a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counse[l.]" *Andis,* 333 F.3d at 891 (citing *DeRoo,* 223 F.3d at 923). Nevertheless, the Eighth Circuit has cautioned that "waivers are contractual agreements between a defendant and the [United States] and should not be easily voided by the courts." *Id.* Here, Liggins contractually waived his right

10

to appeal his conviction in a post-conviction proceeding, knowingly and voluntarily, and the Court finds that Liggins has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding.

V.    **Conclusion**

The Court finds that the record conclusively establishes that Liggins is not entitled to relief. Therefore, the Court, denies without an evidentiary hearing, Liggins's [1] Motion to Vacate Conviction.

VI.    **Certificate of Appealability**

The Court further finds that Liggins has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability will issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining a substantial showing is a showing the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings). Therefore, the Court does not issue a certificate of appealability.

Dated this 14th day of October 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**